IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:20-cv-362-M

| | |
|---|---|
| SIDNEY B. HARR, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> WRAL-5 NEWS and JAMES F. ) </br> GOODMON ) </br> ) </br> Defendants. ) </br> ) | **MEMORANDUM IN SUPPORT** </br> **OF MOTION TO DISMISS** |

Defendants WRAL-5 News and James F. Goodmon, by and through counsel, respectfully submit this brief in support of their motion to dismiss the complaint for failure of service of process, pursuant to Rules 12 (b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

**STATEMENT OF THE CASE**

Plaintiff filed this *pro se* action on July 9, 2020. According to the caption, the defendants are "WRAL-5 News" and James F. Goodmon. "WRAL-5 News" is a news broadcast produced by Capitol Broadcasting Company, Incorporated. Capitol Broadcasting Company, Incorporated is a North Carolina corporation with its registered and principal office in Wake County, North Carolina. Exhibit A. Although undersigned has represented the defendants regularly, undersigned is not defendants' agent for service of process. Jennifer Venable is the registered agent of Capitol Broadcasting. Exhibit A. Plaintiff did not contact the undersigned to

1

discuss the possibility of accepting service on behalf of the defendants with regard to this matter.[1]

The summons and complaint were not served properly on defendants by plaintiff at any address in any manner. This matter is before the Court on the motion to dismiss filed by defendants for improper process and improper service of summons.

## STANDARD

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Federal Rule 4 provides that service must be personal service by a person over the age of eighteen and not a party to the action, or by a Marshal or someone specially appointed, unless a waiver of service has been obtained pursuant to Rule 4(d). Rule 4(e) provides the various means for service of an individual:

> SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[1] The Summons and Complaint was mailed via certified mail to undersigned counsel and was found in the mailbox of undersigned counsel's paralegal on July 24.

2

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

and Rule 4(h) provides the various means for service of a corporation:

> SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant

For purposes of service, Federal Rule 12(b)(5) provides for dismissal of a claim if service of process was not timely or properly made, and a "plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to Fed. R. Civ. P. 12(b)(5)." *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016), cert. denied sub nom. *Scott v. Maryland State Dep't of Labor, Licensing & Regulation*, 138 S. Ct. 379, 199 L. Ed. 2d 278 (2017). The question on a 12(b)(5) motion is "the legal sufficiency of the service of process," *Quinn v. Miller*, 470 Fed. Appx. 321, 323 (5th Cir. 2012); *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007), including either the mode of delivery or the lack of delivery.

## SUMMARY OF FACTS

Plaintiff's complaint contains the same allegations that have been previously adjudicated in *Harr v. WRAL-5 News and James F. Goodman*, Wake County File No. 18 CVS 6382, affirmed by the Court of Appeals, and denied discretionary review by the NC Supreme Court. Complaint, ¶¶ 124-145 and 150-161. Plaintiff is now attempting to relitigate this same matter again by filing the instant action in federal court. Complaint, ¶161. Were this action to move forward, defendants would have motions to dismiss for both lack of subject matter jurisdiction and for failure to state a claim.

However, for purposes of this Motion to Dismiss under Rule 12 (b)(5) it is sufficient that the Summons and Complaint were not served on defendants in any valid manner. Despite listing the defendant "WRAL-5 News" at 2619 Western Boulevard, Raleigh, NC, 27606 on the summons, plaintiff sent the complaint to the undersigned law firm. This is confirmed by plaintiff's certificate of service. [DE 1] Stevens Martin Vaughn & Tadych PLLC is not a registered agent for service for the corporate defendant or for the individual defendant.

## ARGUMENT

THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANTS FOR FAILURE OF PROCESS, IN THAT DEFENDANTS HAVE NOT BEEN SERVED.

By only attempting to serve defendants by mailing the Summons and Complaint in this matter to an attorney who has previously represented the

defendants, absent any agreement for acceptance of service, plaintiff in this case has not made proper service upon the defendants pursuant to Federal Rule 4(e) and (h).

"In the absence of valid service of process, proceedings against a party are void." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350 (E.D. La. 2011) (*quoting Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)). For these reasons, plaintiff's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(5).

## CONCLUSION

Based on the competent evidence before the Court, the Summons and Complaint were not proper and were not properly served on defendants Capitol Broadcasting Company, Incorporated or James F. Goodmon, and this matter should be dismissed.

Respectfully submitted this 10th day of August 2020.

> /s/ C. Amanda Martin
> C. Amanda Martin
> N.C. State Bar No. 21186
> STEVENS MARTIN VAUGHN & TADYCH, PLLC
> 1101 Haynes Street, Suite 100
> Raleigh, NC  27604
> Telephone: 919-582-2300
> Facsimile:  866-593-7695
> Email:  amartin@smvt.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system, and deposited a true copy thereof with the United States Postal Service, first class postage prepaid, addressed to:

Sidney B. Harr
116 Saint Mary's Street, #703
Raleigh, NC 27605

Served August 10, 2020.

/s/ C. Amanda Martin
C. Amanda Martin
NC State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Phone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com