IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-00362-M

SIDNEY B. HARR,

    Plaintiff,

v.

WRAL-5 NEWS and JAMES F. GOODMON,

    Defendants.

**OPINION AND ORDER**

This matter comes before the court on Defendants' joint motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for Plaintiff's failure to properly serve them with process, filed August 10, 2020. [DE-9]

It does not appear from the docket in this case that Defendants were properly served with process within the 90-day period contemplated by the Federal Rules of Civil Procedure, as required. *See* Fed. R. Civ. P. 4(e), -(h). The docket also does not indicate that Plaintiff ever moved the court to extend his deadline to effectuate service. Rather than serving Defendants, Plaintiff responded in opposition to Defendants' motion to dismiss, calling the rules for service of process a "technicality" and arguing that the court should disregard his failure because he made a "good-faith effort" to serve Defendants through an attorney that Plaintiff knew had represented Defendants in prior litigation. [DE-19 at 8]

The Federal Rules of Civil Procedure do not set forth mere technicalities that a litigant seeking redress in federal court may disregard whenever he decides that a good-faith effort at compliance has been made. This is so even where the litigant, like Plaintiff, is not represented by counsel. Because Plaintiff has failed to serve Defendants, the court must dismiss Plaintiff's complaint or order that service be effectuated within a specified time. Fed. R. Civ. P. 4(m).

1

The Fourth Circuit has said that district courts should accord *pro se* litigants like Plaintiff a "special judicial solicitude" not accorded to represented litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Therefore, because of Plaintiff's *pro se* status, the court will not dismiss the complaint for Plaintiff's failure to serve Defendants with process. Rather, but for the jurisdictional issues discussed below, the court would give Plaintiff additional time with which to properly serve Defendants before dismissing his lawsuit.

The service-of-process issue is moot, however, because the court lacks subject-matter jurisdiction to entertain Plaintiff's claims as alleged. Federal courts have an ever-present obligation to satisfy themselves that they have subject-matter jurisdiction to adjudicate particular disputes brought before them. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). For this reason, the Federal Rules of Civil Procedure give federal courts the authority to dismiss claims *sua sponte* when subject-matter jurisdiction is found to be lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's complaint contains no specific claims for relief, but alleges within its "Relief sought" section that Plaintiff "has been deprived of his Seventh Amendment Right to a jury trial" and requests such a trial. [DE-1 at section VI] Plaintiff makes this request after previously alleging that his Seventh Amendment rights were violated by "the Wake County[, North Carolina] Superior Court Civil Division" [*see* DE-1 at section I], which dismissed the libel claims he brought against Defendants in North Carolina state court, a decision that was later affirmed by the North Carolina Court of Appeals and denied review by the Supreme Court of North Carolina. *See Harr v. WRAL-5 News*, 265 N.C. App. 693, 827 S.E.2d 761 (2019) (per curiam), *rev. denied*, 374 N.C. 266, 839 S.E.2d 854 (2020).

It therefore appears that Plaintiff's primary grievance is that North Carolina's courts denied him a trial in his state-court libel case. [*see generally* DE-1] The United States Supreme Court has made clear,

however, that federal district courts lack subject-matter jurisdiction to review state-court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court."). Thus, to the extent that Plaintiff seeks to overturn North Carolina's judgments, this court lacks jurisdiction to do so. *Id.*

The above-described allegations concerned actions by nonparties to this lawsuit. In his allegations against Defendants, on the other hand, Plaintiff alleges that Defendants failed to provide him "adequate media coverage on suppressed stories that are indisputably newsworthy" [DE-1 section VI] and attempts to invoke federal-question jurisdiction as follows:

> Jurisdiction in this case is established by Federal Question 28 U.S.C. § 1331 (specifically the Plaintiff alleges that his First Amendment Rights to Freedom of Speech and Expression were violated by Defendants) and violation of Civil Rights 28 U.S.C. § 1343 (specifically the discrimination by Defendants based upon the Plaintiff's thoughts, beliefs, opinions, and on his race – Plaintiff being an African American).

[DE-1 section I]

As a threshold matter, federal courts have said that individuals have no right to coverage by news media, as Plaintiff appears to theorize. *See White House Vigil for ERA Comm. v. Clark*, 746 F.2d 1518, 1538 (D.C. Cir. 1984) ("our caselaw does not recognize a constitutional right to attract media attention to one's cause. . . . Although every man is entitled to make his remonstrance, no man is entitled to make such a remonstrance that it will be carried on all three television networks." (internal quotation marks and citation omitted)); *Itiowe v. Trentonian*, 620 F. App'x 65, 67 n.2 (3d Cir. 2015) (unpublished) ("Even if Itiowe would like various media entities to report in full on her circumstances, she may not bring a civil rights case in federal court to require them to do so." (citation omitted)). But Plaintiff's First Amendment and civil-rights allegations suffer from other jurisdictional failings.

First, Plaintiff's First Amendment allegations fail to invoke federal-question jurisdiction because

3

Defendants are non-state actors and are not alleged to have acted under color of state law. *See Loce v. Time Warner Ent. Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) (affirming dismissal of First Amendment claim brought against television-channel operator: "The First Amendment applies only to state actors."); *Itiowe*, 620 F. App'x at 67 n.2 ("a litigant has no viable First Amendment civil rights case against non-state actors who have not been plausibly alleged to have acted under the color of state law").

Second, Plaintiff's attempted invocation of the court's jurisdiction under 28 U.S.C. § 1343 fails under the well-pleaded-complaint rule, which requires that "the federal question must be presented on the face of the plaintiff's properly pleaded complaint to confer jurisdiction[.]" *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998) (internal quotation marks and citations omitted). As a threshold matter, Plaintiff does not specify which prong of 28 U.S.C. § 1343 he seeks to invoke on the face of his complaint. But such a specification would have made no difference. 28 U.S.C. §§ 1343(a)(1) and -(2) give the court jurisdiction to hear claims regarding conspiracies within the meaning of 42 U.S.C. § 1985, but the complaint does not contain any allegations that Defendants engaged in any such conspiracy. The fact that Defendants are not alleged to have acted "under color of any State law" renders 28 U.S.C. § 1343(a)(3) inapplicable. And while 28 U.S.C. § 1343(a)(4) contains a grant of federal jurisdiction over any claim seeking "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights," Plaintiff has not identified any federal statute providing for the protection of civil rights that Defendants are alleged to have violated. Therefore, under the well-pleaded-complaint rule, Plaintiff has failed to invoke 28 U.S.C. § 1343 as well, and the court concludes that it lacks jurisdiction over Plaintiff's First Amendment and civil-rights claims, too.

Finally, to the extent that Plaintiff is seeking to litigate his libel and defamation claims in this court, those claims also fail for lack of subject-matter jurisdiction. Libel and defamation are state-law claims, not federal ones, and a litigant seeking to bring state-law claims in federal court may only do so by properly

4

invoking another source of federal jurisdiction. *See R. H. Bouligny, Inc. v. United Steelworkers of Am.*, 336 F.2d 160, 165 (4th Cir. 1964) (no federal-question jurisdiction over libel claim); *Wells v. Liddy*, 186 F.3d 505, 518 n.10 (4th Cir. 1999) ("defamation is a state law matter"). Typically, such claims are brought in federal court under the federal diversity-jurisdiction statute, 28 U.S.C. § 1332. Plaintiff does not invoke 28 U.S.C. § 1332, likely in recognition that diversity jurisdiction does not lie here because the parties are all alleged to be citizens of the same state. [DE-1] Because of that fact, and because Plaintiff does not raise any other source of federal jurisdiction that gives the court the authority to hear his libel and defamation claims, the court concludes that these claims are also not properly within its jurisdiction.

For these reasons, the court lacks federal subject-matter jurisdiction over Plaintiff's complaint, which is DISMISSED without prejudice to refile should Plaintiff believe that his claims can be restated so as to properly invoke the court's jurisdiction and to state a plausible claim for relief. If Plaintiff elects to refile, he is required follow the rules for the service of process, as discussed above. *See* Fed. R. Civ. P. 4.

All other motions pending on the docket are DISMISSED AS MOOT, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED this __14th__ day of __January__, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE